IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NICHOLAS DUTTLE, SHARON
DUTTLE, and SHAUN DUTTLE,

    Plaintiffs,

v.                                                  Civ. No. 10-839 MCA/GBW

CURTIS CHILDRESS, ROBIN GOJKOVICH,
CARLOS MADRID, HENRY RODRIGUEZ,
JOE HERRERA, JOE PADILLA, JOHN
MARTINEZ, MARY LOU WARD, ROBBIE ACOSTA,
SUSIE MALDONADO, TRAVIS WELLS, VALERIE
HEREDIA, MICHELLE BOUDRIE, CITY OF LAS
CRUCES, DONA ANA COUNTY, and DONA ANA
COUNTY SHERIFF'S DEPARTMENT,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS AND COMPELLING CERTAIN DISCOVERY

THIS MATTER is before the Court on Defendants' Joint Motion for Sanctions Against Plaintiffs for Failure to Permit Discovery ("Defendants' Motion"). *Doc. 56.* Defendants move the Court to sanction Plaintiffs for their failure to appear for properly-noticed depositions. *See id.* at 2. Although the Court finds that the primary sanctions requested – dismissal and/or testimony preclusion – are too extreme, the Court will issue monetary sanctions. Further, the Court will order Plaintiffs to appear for depositions and will place Plaintiffs on notice that further failure to participate in discovery may result in dismissal with prejudice.

### *Background*

On September 10, 2010, Plaintiffs Nicholas, Sharon, and Shaun Duttle ("Plaintiffs") filed suit in this Court alleging various Constitutional and statutory entitlements to relief. *See generally doc. 1.* Plaintiffs' suit was premised upon the allegedly unlawful search of Sharon Duttle's property and seizure of various property of each Plaintiff. *See generally id.* Although Plaintiffs filed this lawsuit *pro se*, (*see id.* at 6-7), Plaintiffs eventually retained counsel, (*doc. 8*).

In an Order issued May 23, 2011, the Court set forth various deadlines in this matter in accordance with Federal Rule of Civil Procedure 16. *See doc. 28.* Therein, the Court set "[t]he termination date for discovery [a]s November 15, 2011 . . . ." *Id.* at 1. It was further explained that the November 15, 2011 date would "be construed to require that discovery be completed on or before" that date. *Id.* As such, any "notice to take deposition [was to] be considered timely only if the deposition [would take] place prior to the deadline." *Id.* at 1-2.

"During the discovery period . . . , the Defendants sought available dates for the depositions of Plaintiffs via their counsel over a period of five weeks with no success." *Doc. 56* at 2.[1] Having still not established dates upon which the Plaintiffs would be deposed, Defendants scheduled Plaintiffs' depositions for November 14 and 15, 2011. *Id.* "Notices for the depositions were sent to Plaintiffs' counsel on October 26, 2011." *Id.*

---

[1] The relevant facts from the pleadings which are cited and relied upon by the Court herein are not disputed by the opposing party.

2

On November 12, 2011, Plaintiffs' moved to stay the proceedings. *Doc. 50*. As basis for the stay, Plaintiffs cited the pendency of State criminal proceedings that would have a possible impact on the outcome of this matter. *Id.* at 1. Plaintiffs acknowledged that Plaintiffs' depositions were scheduled for November 14 and 15, but made no reference to any difficulties with appearing for the depositions.[2] *See id.* Plaintiffs did not appear for the depositions. *Doc. 56* at 7.

Defendants filed the instant motion seeking dismissal of Plaintiffs' case with prejudice as a sanction. *Id.* at 3-5. Barring that, Defendants seek either preclusion of certain testimony by Plaintiffs or an extension of discovery, compelled depositions of the Plaintiffs, and certain costs and fees. *Id.* at 5-7. The matter has been fully briefed and the Court is fully advised.

## *Analysis*

"Except in categories of actions exempted by local rule, the district judge – or a magistrate judge where authorized by local rule – must issue a scheduling order . . . ." Fed. R. Civ. P. 16(b)(1). The scheduling order must establish, *inter alia*, "the time . . . to complete discovery . . . ." *Id.* 16(b)(3)(A). Unless an exception applies, *see* Fed. R. Civ. P. 30(a)(2), any party may depose any person. *Id.* at 30(a)(1).

Pursuant to the local rules of this Court, "[s]ervice of notice of deposition . . . must be made at least fourteen (14) days before the scheduled

---

[2] That motion was denied on November 14, 2011 because of Plaintiffs' failure to comply with local rules. *Doc. 52.*

3

deposition." D.N.M.LR-Civ. 30.1. On motion, the Court may order sanctions where a party fails to attend its own deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). Additionally, a party that fails to appear for a properly-noticed deposition may be held in contempt. D.N.M.LR-Civ. 30.2. Failure to appear for a party's deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order . . . ." Fed. R. Civ. P. 37(d)(2).

Any of the sanctions applicable for failing to comply with a court order are available for failing to attend one's deposition. *Id.* 37(d)(3). Sanctions authorized therein include: ordering that matters at issue be treated as established, prohibiting claims or defenses implicated by the deposition, striking pleadings, staying proceedings until the deposition is held, dismissing all or part of a matter, or treating the failure to appear as contempt of court. *See id.* 37(b)(2)(A)(i)-(v), (vii).

### *Dismissal*

"[D]ismissal of an action with prejudice is a drastic sanction that should be employed only as a last resort." *Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009). The Tenth Circuit looks to five factors before utilizing the sanction of dismissal:

> (1) the degree of actual prejudice to the defendants; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Id.* "It is 'only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits that dismissal is an appropriate sanction.'" *Id.* (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)) (brackets omitted).

### *Prejudice to Defendants*

Defendants contend that they "have suffered a high degree of prejudice in that they have been denied the opportunity to depose parties . . . , and have been denied the opportunity to timely seek assistance from the Court in the form of a motion to compel discovery in this matter." *Doc. 56* at 5. In response, Plaintiffs stated their willingness to appear at any time for depositions in December. *Doc. 59* at 3. Defendants rejected this point based upon their lack of availability to conduct the depositions in December. *Doc. 60* at 4.

Although the Court agrees that Defendants have suffered prejudice from Plaintiffs' failure to attend – they have experienced a number of expenses as well as the frustration of a wasted effort to communicate with and depose Plaintiffs – the prejudice is no more severe than in any case with such a failure. For example, Defendants have not alleged that any permanent loss of evidence such that later depositions would be sufficient. Consequently, this prong does not weigh in favor of dismissal.

5

*Interference with Judicial Process*

Next, Defendants proffer that interference with the judicial process has occurred, as Plaintiffs' conduct "has caused discovery disputes after the close of the discovery period." *Doc. 56* at 5. Here again, interference has occurred, but no more than occurs in any such case. Therefore, this prong does not weigh in favor of dismissal.

*Culpability of Litigant*

Plaintiffs' "excuses" for failing to appear for the depositions are stunning in their disregard for the importance of their discovery obligations. As their counsel explains,

> Each of the Plaintiffs situations are different, Shawn Duttle is currently enrolled at NMSU and holds a 4.0 average in his course work and had a very difficult time in scheduling a deposition, and/or attending without jeopardizing his GPA. Nicholas Duttle on the other hand has been rock climbing in Kentucky and would have needed to conduct his deposition by telephone. Sharon Duttle is just plain emotional [sic] devastated as a result of the raid on her property and has a very difficult time dealing with the requirements of her case.

*Doc. 59* at 2-3. None of these statements approach anything that would constitute an acceptable explanation for their repeated failures to coordinate a mutually acceptable time for their depositions within the discovery schedule as set out by the Court nor their failure to appear for their properly noticed depositions.[3] Moreover, Plaintiffs have not

---

[3] Plaintiff Sharon Duttle additionally explains that she would have been "ambushed" if she had attended her deposition because of the presence of the prosecutor of Sharon Duttle's underlying criminal case and the failure to disclose certain documents to her in advance. *Doc. 59* at 3-4. Unsurprisingly, if a litigant has particular concerns about the conduct of a deposition, the Rules do not permit them to simply not show without notice. Instead, they must seek a protective order in advance – failure to communicate or to appear were not appropriate remedies. *See* Fed. R. Civ. P. 37(b)(2) ("A failure [to appear] is not

6

even attempted to explain why they did not notify Defendants that they would not appear for the depositions. None of the Plaintiffs dispute that they received proper notice of the depositions under the Rules. Instead, without any legitimate justification, they willfully failed to attend. This factor weighs in favor of dismissal.

### *Whether the Court Warned Plaintiffs in Advance*

The sanction of dismissal for failure to attend a deposition is explicitly authorized under Rule 37. Nonetheless, the Plaintiffs were not explicitly warned in advance that dismissal would be the likely sanction for failure to attend their depositions. This factor does not weigh in favor of dismissal.

### *Efficacy of Lesser Sanctions*

Finally, the Court must look to what efficacy, if any, an alternative sanction is likely to have upon Plaintiffs. The Court is confident that a combination of payment of Defendants' fees and orders and admonitions regarding arranging the depositions should suffice to address Plaintiffs' improper failures to appear. Specifically, the Court believes that these lesser sanctions will ensure that Defendants recoup the costs expended on their fruitless attempt to depose Plaintiffs while also increasing the probability that Plaintiffs will appear for the subsequent attempt at deposing them. This factor weighs against dismissal.

---

excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order . . . .").

### *Imposition of Lesser Sanctions*

Based upon a review of the relevant factors, the Court concludes that, while the Plaintiffs' failures to attend their depositions were egregious, the sanction of dismissal would be too severe under these facts. For the same reasons, the preclusion of claims or testimony would be too severe. However, the Court concludes that certain lesser sanctions are appropriate and necessary.

Notwithstanding their willful failure to appear, Plaintiffs ask this Court to impose essentially no sanctions. Without any support, Plaintiffs claim they cannot afford a monetary sanction. *See doc. 59* at 4. Plaintiffs' request must be rejected for two reasons. First, it is undisputed that their own conduct created utterly unnecessary costs for Defendants. Not only did they willfully fail to attend their depositions, but they failed to even advise the Defendants in advance of their decision. This behavior caused costs for the failed deposition and led to the instant motion. As they could have avoided these expenses, they cannot argue that they should not be responsible for them. Second, as explained above, the Court's decision against the dismissal sanction was guided by the *Ehrenhaus* factors. While it was a close call, one of the important factors weighing against the sanction of dismissal was the availability and efficacy of a monetary sanction. The Court should not now refuse to impose that lesser sanction.

### *Conclusion*

As is noted, *supra*, Plaintiffs' explanations for their absences from the depositions are wholly unacceptable.  Plaintiffs cannot invoke the power of the courts and then refuse to comply with their discovery obligations because it is inconvenient.  Because Plaintiffs' actions directly led to Defendants incurring fees and costs that, in light of their nonappearance, were for naught, the Court will grant Defendants' motion for monetary sanctions and order Plaintiffs to pay all reasonable expenses incurred in making the instant motion and caused by Plaintiffs' nonappearance at their deposition.  These expenses shall include reasonable attorney's fees.  Furthermore, the Court will extend the discovery deadlines for the limited purpose of permitting Defendants to depose each Plaintiff.  These depositions will be conducted, upon proper notice under the local rules, within 28 days of the date of this order at a time selected by Defendants.[4]  Failure of the Plaintiffs to make themselves available for depositions within this time frame may result in further sanctions including but not limited to dismissal of the case.

Wherefore, IT IS HEREBY ORDERED that Defendants' Joint Motion for Sanctions Against Plaintiffs for Failure to Permit Discovery is GRANTED in part.  Plaintiffs will be required to pay the reasonable expenses as described above.

---

[4] Motions arising out of discovery disputes from such depositions must be filed within 10 days of the relevant deposition.  The deadline for dispositive motions will be set at a status conference which will be conducted by the Court after the Plaintiffs' depositions.

IT IS FURTHER ORDERED that, within seven days of the entry of this Order, Defendants shall file affidavits outlining their expenses as described above. Plaintiffs' objections to the amount claimed by Defendants, if any, shall be filed within seven days of the filing of the affidavits.

IT IS FURTHER ORDERED that, within twenty-eight days of the entry of this Order and upon proper notice, Plaintiffs will be deposed at a time selected by Defendants. Plaintiffs shall be personally present for the depositions on the dates and times noticed and shall be deposed.

IT IS FURTHER ORDERED that the motion deadlines will be adjusted as described above.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE