IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NICHOLAS DUTTLE, SHARON
DUTTLE, and SHAUN DUTTLE,

    Plaintiffs,

v.                                                                         Civ. No. 10-839 MCA/GBW

CURTIS CHILDRESS, ROBIN GOJKOVICH,
CARLOS MADRID, HENRY RODRIGUEZ,
JOE HERRERA, JOE PADILLA, JOHN
MARTINEZ, MARY LOU WARD, ROBBIE ACOSTA,
SUSIE MALDONADO, TRAVIS WELLS, VALERIE
HEREDIA, MICHELLE BOUDRIE, CITY OF LAS
CRUCES, DONA ANA COUNTY, and DONA ANA
COUNTY SHERIFF'S DEPARTMENT,

    Defendants.

## ORDER DENYING PLAINTIFFS' COUNSEL'S MOTION TO WITHDRAW

THIS MATTER is before the Court on Plaintiffs' Counsel's Motion to Withdraw. *Doc. 92.* The motion will be denied.

To protect litigants and the judicial process, the Local Rules of this District impose numerous requirements on those attorneys wishing to withdraw an appearance. If the withdrawal is unopposed by the client and other counsel, then the motion must comply with Local Rule 83.8(a).  D.N.M.LR-Civ. 83.8(a).  Rule 83.8(a) requires that the motion "indicate consent of the client."  *Id.*  Moreover, the motion must include the "notice of appointment of substitute attorney; or a statement of the client's intention to appear *pro se* and the client's address and telephone number."  *Id.*

If the withdrawal is opposed by the client or other counsel, then the motion must comply with Local Rule 83.8(b).  D.N.M.LR-Civ. 83.8(b).  Rule 83.8 requires that such motions must, as a threshold matter, be "file[d] and serve[d] on all parties, including the client."  *Id*.  In addition, the moving attorney must "give notice in the motion that objections must be served and filed within fourteen (14) days from date of service of the motion and that failure to object within this time constitutes consent to grant the motion."  *Id*.

It is unclear whether the instant motion is opposed by the client, but it fails to comply with either of these rules.  If the client's refusal to respond prevents counsel from complying with the "unopposed" method, then counsel must proceed as if it is opposed.  Because the motion fails to comply with Local Rule 83.8, it must be denied.[1]

Wherefore, IT IS HEREBY ORDERED that Plaintiffs' counsel's Motion to Withdraw is DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[1] Additionally, pursuant to Local Rule 7.1(a), a "[m]ovant must determine whether a motion is opposed, and a motion that omits a recitation of a good-faith request for concurrence may be summarily denied."  D.N.M.LR-Civ. 7.1(a).  As seems to be Plaintiffs' counsel's custom, (*see, e.g., doc. 91* at 1), counsel neither sought concurrence nor recites the same.  Instead, counsel states that "[b]ecause of the nature of this motion, concurrence with this motion was not sought from opposing counsel or [sic] record."  *See doc. 92*.  Counsel is advised that any future motion to withdraw must comply with Local Rule 7.1.