IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NICHOLAS DUTTLE, SHARON
DUTTLE, and SHAUN DUTTLE,

       Plaintiffs,

v.                                 Civ. No. 10-839 MCA/GBW

CURTIS CHILDRESS, ROBIN GOJKOVICH,
CARLOS MADRID, HENRY RODRIGUEZ,
JOE HERRERA, JOE PADILLA, JOHN
MARTINEZ, MARY LOU WARD, ROBBIE ACOSTA,
SUSIE MALDONADO, TRAVIS WELLS, VALERIE
HEREDIA, MICHELLE BOUDRIE, CITY OF LAS
CRUCES, DONA ANA COUNTY, and DONA ANA
COUNTY SHERIFF'S DEPARTMENT,

       Defendants.

**ORDER DENYING PLAINTIFFS' MOTION TO SET ASIDE ORDER**

THIS MATTER is before the Court on Plaintiffs' Motion to Set Aside Order of June 5, 2012, Document #97 ("Plaintiffs' Motion"). *Doc. 100.* The motion will be denied.[1]

On May 16, 2012, Desiree Gurule, counsel for Defendants Robin Gojkovich, Valerie Heredia, Joe Herrera, Carlos Madrid, Susie Maldonado, John Martinez, Joe Padilla, Henry Rodriguez, Mary Lou Ward, and Travis Wells, filed a motion with the Court seeking to compel certain disclosures and to extend certain deadlines. *Doc. 88.* On June 5, 2012, the Court granted the motion citing Plaintiffs' failure to timely respond. *Doc. 97.* Plaintiffs now

---

[1] The Court finds that awaiting further briefing is unnecessary. The granting of the motion to compel (*Docs. 88, 97*) was based on Plaintiffs' failure to submit a timely response to the motion to compel. As explained herein, Plaintiffs have failed to refute that fact. Therefore, summary denial of the instant motion is appropriate.

ask the Court to set aside that Order based upon their allegedly having agreed with Defendants to extend the deadline to respond.  *Doc. 100.*

Pursuant to this Court's local rules, where parties agree to extend briefing deadlines, "[f]or each agreed extension, the party requesting the extension must file a notice identifying the new deadline and the document (response or reply) to be filed."  D.N.M.LR-Civ. 7.4(a). The Court has reviewed the docket and finds no such notice filed by any party – let alone Plaintiffs.  Thus, the deadline for Plaintiffs' response was unchanged.  Therefore, as the Court concluded in the June 5th Order, Plaintiffs failed to file a timely response to the motion to compel which constituted consent under the local rules.

Even beyond Plaintiffs' failure to comply with the local rule with respect to extensions, [2] their Motion fails to demonstrate that an extension was agreed upon.  To establish such an agreement, Plaintiffs attach an exhibit consisting of three emails.  *See doc. 100* Ex. A.  In the first email, Ms. Gurule sought Plaintiffs' counsel's concurrence on the motion to compel.  *See id.*, Ex. A at 2.  Next, Plaintiffs' counsel's reply to that email included Plaintiffs' request "for a two week extension on the response . . . ."  *Id.*  Finally, Ms. Gurule responded that she agreed "to an extension for the Response due date until June 07, 2012."  However, in the very next sentence, Ms. Gurule explains that, the extension was contingent upon the agreement of Daniel Macke, counsel for Defendant Curtis Childress.  *See id.* Ex. A at 2 ("If Mr. Macke has

---

[2] Sadly, failures to follow the rules have been commonplace for Plaintiffs.  This is no less than the *fourth* motion whose ruling will be adverse to Plaintiffs based upon either an inability or unwillingness to adhere to the mandates of law and this Court.  *See doc. 93* (failure to follow withdrawal rules); *doc. 94* (failure to indicate good-faith attempt to seek concurrence); *doc. 97* (failure to timely reply); *see also doc. 62* (sanctioning Plaintiffs for failure to appear for properly noticed depositions); *doc. 95* (sanctioning Plaintiffs' counsel individually for vexatious multiplication of litigation).

an objection, I will presume the Response will remain due May 31, 2012.").  The Court's review of the exhibits and motion unearths no evidence that Plaintiffs sought or received Mr. Macke's concurrence in the extension.  Either Plaintiffs never sought Mr. Macke's concurrence and, thus, no extension was agreed to, or Plaintiffs have failed to adequately support their motion.  Regardless, even if the Court excused Plaintiffs' failure to follow the local rule with respect to extensions, the Court would deny Plaintiffs' Motion for failing to establish the existence of an extension.[3]

Wherefore, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Set Aside Order of June 5, 2012, Document #97, (*doc. 100*), is **DENIED**.  The deadlines and hearing set in the order at issue in the instant motion, (*doc. 97*), remain unchanged. [4]

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[3] In fact, there is a third reason that Plaintiffs' Motion is meritless.  Even assuming that Ms. Gurule's email agreed to an extension, such an agreement was for an extension until June 7, 2012.  That day has passed and Plaintiff has offered no substantive response to the motion to compel.

[4] Inexplicably, Plaintiffs' Motion cites law with respect to sanctions for discovery violations.  *Doc. 100* at 2. While the Court granted the motion to compel production of certain materials, the Court expressly declined to impose sanctions *sua sponte*.  *Doc. 97* at 2 n.1 ("[A]s Defendants have not sought additional sanctions, the Court will not issue them *sua sponte* at this time.").