IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NICHOLAS DUTTLE, SHARON
DUTTLE, and SHAUN DUTTLE,

       Plaintiffs,

v.                                    Civ. No. 10-839 MCA/GBW

CURTIS CHILDRESS, ROBIN GOJKOVICH,
CARLOS MADRID, HENRY RODRIGUEZ,
JOE HERRERA, JOE PADILLA, JOHN
MARTINEZ, MARY LOU WARD, ROBBIE ACOSTA,
SUSIE MALDONADO, TRAVIS WELLS, VALERIE
HEREDIA, MICHELLE BOUDRIE, CITY OF LAS
CRUCES, DONA ANA COUNTY, and DONA ANA
COUNTY SHERIFF'S DEPARTMENT,

       Defendants.

**<u>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
SECOND MOTION FOR SANCTIONS</u>**

THIS MATTER is before the Court on Defendants' Second Motion for Sanctions. *Doc. 106*. The matter is fully briefed and the Court has held a hearing on the matter. *See docs. 112, 113, 114, 115, 116*. The Motion will be granted in part and denied in part.

On June 5, 2012, the Court ordered Plaintiffs to provide Defendants with "any and all documents referenced in Sharon Duttle's deposition on March 1, 2012." *Doc. 97*. These disclosures were to be provided no later than June 12, 2012. *Id*. Plaintiffs failed to comply with this deadline, but, at a status hearing, the Court granted an extension until June 22, 2012. *Doc. 102*. At that hearing, after Plaintiffs claimed a general inability to

obtain the documents, the Court gave explicit instructions to Plaintiffs about what actions would be necessary to comply with the disclosure order. *Id*. Essentially, Plaintiff's counsel was directed to work with Plaintiff Sharon Duttle and her email service provider to recover the relevant emails. *Id*.

Defendants' bring the instant motion because Plaintiffs failed to produce the emails and gave them no explanation other than "Plaintiff Sharon Duttle with all due diligence was not able to locate any emails from old account." *Doc. 106*, Ex. A. In Response, Plaintiffs argue that: (1) Plaintiff Sharon Duttle is currently incarcerated due to a failure to comply with the conditions of her pre-trial release in the related criminal case; (2) she only has one email address which is different than the one she identified in her sworn deposition; (3) she "does not have the old computer which crashed; and (4) she "made a good faith effort to locate her old emails." *Doc. 112* at 1-2.

Plaintiffs' excuses are meritless. First, Plaintiff Sharon Duttle's incarceration began on June 28 which is after the deadline for the ordered disclosure. *See doc. 116*. As such, it cannot excuse the failure. Second, the ordered disclosure was not limited to a particular email address or provider. It is irrelevant whether Mrs. Duttle wrote the emails on a Verizon email account or a MSN email account. Third, as the Court painstakingly explained at the status hearing to facilitate the disclosure, emails are generally retrievable from the server even if the computer typically used to view them is inoperable. *See doc. 102*. Fourth, Plaintiff Sharon Duttle and her counsel were

directed to take specific actions with respect to her email provider in order to retrieve the emails. *Id*. The statement that she has made a "good faith effort" is a far cry from asserting that she complied with the Court's explicit directions. In fact, based upon counsel's representations at the hearing on the instant motion, the Court is confident that those directions were not followed. *See doc. 116*.

Consequently, Plaintiff Sharon Duttle is once more in violation of her discovery obligations in this matter. The question becomes what should be the punishment. The Court has already ordered monetary sanctions. Given the financial circumstances of Plaintiffs, reductions in those sanctions and extended payment plans have been necessary. The Court does not believe that Plaintiffs could satisfy additional monetary sanctions. Understandably, Defendants argue that the time has come for the sanction of dismissal. While the Court is at the end of its patience, I will not recommend dismissal at this time.

This decision is based primarily on the fact that there exists another method by which to obtain the emails. While the existence of this alternative does not excuse Plaintiffs' failure to shoulder their responsibilities in the discovery process or to comply with court orders, it does argue against imposing the ultimate sanction for the failure. As discussed at the hearing, the emails may be obtained through subpoena to Plaintiff Sharon Duttle's email provider(s). Because the discovery period has closed, the Court will, as a sanction for Plaintiffs' discovery violations, extend discovery for the limited

purpose of subpoenaing these emails.[1]  At the hearing, Defendants noted that the subpoena responses will not be received before the deadline for dispositive motions. Consequently, Defendants would be prevented from using the emails in their anticipated summary judgment motion.  Rather than extend the dispositive motion deadline yet again (*see doc. 111*), the Court will instead permit Defendants to raise new issues in the reply briefing on the summary judgment motion if based on the subpoenaed emails and pertinent.

As was made clear at the hearing, any further discovery violations by Plaintiffs will result in a recommendation of dismissal.

Wherefore, **IT IS HEREBY ORDERED** that Defendants' Second Motion for Sanctions (*doc. 106*), is **GRANTED in part** and **DENIED in part**.

_____

GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[1] This Order memorializes the Court's ruling from the bench at the August 7, 2012, hearing.  The subpoenas should have been sent no later than August 10, 2012 and in the manner as discussed at that hearing.