IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NICHOLAS DUTTLE, SHARON DUTTLE
AND, SHAUN DUTTLE,

    Plaintiffs,

    vs.                                        No. 2:10-cv-00839-MCA-GBW

CURTIS CHILDRESS, ROBIN GOJKOVICH,
CARLOS MADRID, HENRY RODRIGUEZ,
JOE HERRERA, JOE PADILLA,
JOHN MARTINEZ, MARY LOU WARD,
ROBBIE ACOSTA, SUSIE MALDONADO,
TRAVIS WELLS, VALERIE HEREDIA,
MICHELLE BOUDRIE, CITY OF LAS CRUCES,
DONA ANA COUNTY,
DONA ANA COUNTY SHERIFF'S DEPT.,

    Defendants.

## ORDER

This matter arises from Defendant Childress' motion to stay. *Doc. 123*. The Court has reviewed Defendant's motion as well as Plaintiffs' response (*doc. 133*) and Defendant's reply (*doc. 134*.)[1] In light of the ongoing state court criminal matters,[2] this Court grants Defendant's motion.

## Procedural History

On September 15 and 16, 2008, a search warrant was executed at 320 Vine Avenue, Mesquite, New Mexico by individuals from the Doña Ana County Animal

---

[1] The remaining defendants did not respond. As such, they have consented to the motion being granted. D.N.M.LR-Civ. 7.1(b).

[2] *State v. Duttle*, Case Nos. CR-2009-1033 and No. CR-2010-657, Third Judicial District of New Mexico.

1

Control office and the Doña Ana County Sheriff's Department. On October 1, 2009, Plaintiff Sharon Duttle was indicted by grand jury on twenty-four (24) counts, relating to dog fighting, treatment of animals, and conspiracy. On June 3, 2010, Ms. Duttle was also indicted on charges related to her possession of liquid lidocaine.

Plaintiffs filed their Complaint in the instant matter on September 10, 2010, in relation to the investigation underlying the above-named criminal actions. *Doc 1*. The Complaint alleges a variety of causes of action under the Fourteenth and Fourth Amendments, as well as several torts. The City of Las Cruces filed its Motion to Dismiss on March 14, 2011. A Notice of Stipulated Dismissal as to the City of Las Cruces was filed on April 15, 2011, *doc. 22*, and the City was terminated as a Defendant on April 18, 2011. The remaining Defendants filed their Answer on March 28, 2011. *Doc. 15*.

Plaintiffs filed a Motion to Stay Proceedings on November 11, 2011, on the basis of Plaintiff Sharon Duttle's involvement in *State v. Duttle*, No. CR-2009-1033,Third Judicial District of New Mexico.). The motion was denied per D.N.M. L.R.-Civ. 7.1(a) on November 14, 2011. *Doc. 52*.

On August 16, 2012, Defendant Curtis Childress filed both a Motion for Summary Judgment and a Motion to Stay Proceedings, *docs. 122 & 123*; the remaining Defendants filed a separate Motion for Summary Judgment, *doc. 124*. On September 10 and 12, 2012, Plaintiffs filed their responses to the Defendants' motions for summary judgment. *Docs. 132 & 135*. Replies from Defendants are currently pending on both Motions for Summary Judgment.

**Plaintiff Childress's Motion to Stay**

Defendant Childress' Motion to Stay is brought on the basis that the action before this Court will improperly interfere with the actions of the state court. He contends that this case should be stayed because all the causes of action raised in the Complaint (*doc. 1*) relate to the warrants issued and the evidence seized in the state court criminal matters. *Doc. 123* at 3. Were this Court to rule, therefore, on these same matters, there is the risk of inconsistent outcomes in the two sets of actions. Plaintiff therefore asks this Court to stay this matter on the basis of the *Younger v. Harris*, 401 U.S. 37 (1971), abstention doctrine. *Id.* at 5.

Plaintiffs concur that this action should be stayed, but they argue (without citing any authority) that the action should be stayed because Plaintiff Sharon Duttle cannot meaningfully participate in this action while she is incarcerated. *Doc. 133.*

**Analysis**

I. **Legal Standard**

*Younger* requires that, except in extraordinary circumstances, a federal court cannot disrupt a pending state criminal action. 17B Wright & Miller, Federal Practice & Procedure § 4252 (3d ed.). Federal courts should apply the *Younger* abstention doctrine if "the orderly course of state prosecutions would be seriously hindered by piecemeal federal determination of issues that arise in the course of state proceedings." *Id.*; *see also O'Shea v. Littleton,* 414 U.S. 488, 500 (1974).

3

On the other hand, if the federal action would not disrupt the state prosecution, *Younger* abstention is inappropriate. *Gerstein v. Pugh*, 420 U.S. 103, 108 n.9 (1975) (holding that where a requested injunction related to a pre-trial matter and not the ongoing state prosecution, *Younger* did not apply.)

While plaintiffs in *Younger* and *Gerstein* sought equitable relief in their federal actions, the Supreme Court extended the application of the *Younger* doctrine to necessitate a stay of federal actions involving monetary damages. *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988); *see also Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (requiring a stay rather than a dismissal where the federal damages claims could not be redressed in the state court proceeding).

## II. Application of the Younger Doctrine

It is undisputed that there are pending state criminal actions at issue in this case. *Docs. 123 & 133*. The issue before this Court is whether or not the instant federal action would be disruptive to those proceedings. This Court concludes that the federal action would be disruptive and therefore finds a stay appropriate until the conclusion of the state court actions.

The Court bases its decision on a careful comparison of the state and federal actions. In CR-2009-1033, Plaintiff Sharon Duttle is charged with a variety of animal cruelty and dogfighting charges that arise directly from the investigation of which she complains in her federal complaint. *Doc. 1.* In Plaintiffs' complaint, she requests monetary damages in part on the basis that the warrants used to search Plaintiffs' property on September 15 and 16, 2008, were invalid, resulting in violations of

Plaintiffs' constitutional and other rights. *Id.* Thus, Plaintiffs' claims for damages directly implicate matters in the two pending state court criminal actions, which are both based on evidence arising from the searches authorized by these warrants. Further, Plaintiff Sharon Duttle has directly challenged the validity of the warrants in the state criminal proceedings, and, thus far, the state court has found the warrants to be valid. *Doc. 123*, Exs. A, B.

A determination of liability against the Defendants in this case could directly contradict the state court's rulings on the warrants in question, as well as subsequent rulings in motion practice and any determinations of criminal guilt or innocence on the part of Ms. Duttle. Because both parties agree that a stay is appropriate in this case (*docs. 123 & 133*) it is unnecessary to inquire as to whether or not any extraordinary circumstances exist in this case such that *Younger* should not apply.

This Court therefore concludes that the *Younger* doctrine requires the Court to stay this matter pending the conclusion of cases No. CR-2009-1033 and No. CR-2010-657. This stay shall apply to all parties and all claims in this action.

WHEREFORE this Court GRANTS Defendant Curtis Childress's Motion to Stay the Proceedings until the conclusion of the current state court proceedings.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE