IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NICHOLAS DUTTLE,
SHARON DUTTLE, SHAUN DUTTLE,

    Plaintiffs,

    v.                                                             Case No. 10-cv-839 MCA/GBW

CURTIS CHILDRESS, *et al.*

    Defendants.

## ORDER

THIS MATTER is before the Court on a review of the record. The Court is advised that counsel for the Plaintiffs in this matter, Augustine Rodriguez, Jr., was suspended from the practice of law by the Supreme Court for the State of New Mexico pursuant to Rule 17-206(A)(2) NMRA for six months, effective September 18, 2013. *Doc. 151.* In spite of this suspension, Mr. Rodriguez did not withdraw from the case nor did Plaintiffs move to terminate his representation of them.

On October 21, 2013, Defendants filed a joint Motion to Dismiss based on Plaintiff's conviction in *State v. Duttle* on June 14, 2013. *Doc. 152.* On November 21, 2013, at which time Mr. Rodriguez was still suspended, Plaintiff Sharon Duttle personally filed a responsive brief to Defendants' pending motion to dismiss. Because she was still represented by an attorney, this filing was in contravention of Local Rule

83.5. D.N.M.LR-Civ. 83.5, *docs. 152, 154*. All Plaintiffs personally filed a supplemental response on January 22, 2014, again in violation of the Local Rules. *Doc. 157*. On the basis of the violation, Defendants moved to strike on February 17, 2014, and Plaintiffs responded to that motion, again personally, on February 21, 2014. *Docs. 157, 160, 161*.

Mr. Rodriguez's suspension from the New Mexico Bar ended on March 18, 2014. On April 4, 2014, the Court set a telephonic status conference ordering that counsel for all parties, and at least one Plaintiff, appear on April 17, 2014 at 1:30 p.m. *Doc. 164*. In addition to the electronic service on counsel, the Court ordered the Clerk to mail a copy of the order setting the conference to the mailing address listed for Plaintiff Sharon Duttle on the filings she had personally made. *Id*. Nonetheless, at the appointed time, neither counsel for Plaintiffs, nor any of the Plaintiffs, appeared. Counsel for all Defendants did appear. The Court waited for five minutes and then vacated the hearing.

The Court has the inherent power to sanction parties for litigation activities undertaken in bad faith in order to "maintain[ ] the authority and dignity of the court." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980) (citation and quotation omitted). Further, the Court may assess sanctions under its inherent power where an attorney willfully disobeys a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). Finally, the Court may dismiss a case if a plaintiff fails to prosecute or comply with a

court order, or with the Local Rules.  *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir.2003); *Murray v. Archambo*, 132 F.3d 609, 610 (10th Cir. 1998); FED. R. CIV. P. 41(b).

**THEREFORE** Plaintiffs are ordered to show cause in writing, either through counsel or personally,[1] within ten days of the entry of this order why their action should not be dismissed for failure to comply with the Local Rules, failure to prosecute, and for failure to comply with the Court's orders.  Failure to comply with this order shall constitute an independent basis for dismissal.  In addition to the electronic service on counsel, the Clerk is ordered to mail a copy of this order to Plaintiff Sharon Duttle, P.O. Box 747, Mesilla Park, NM 88047.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[1] The Local Rule permits a personal filing by a represented party if ordered by the Court.  D.N.M.LR-Civ. 83.5.