IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


NICHOLAS DUTTLE,
SHARON DUTTLE, SHAUN DUTTLE,

    Plaintiffs,

v.                                                            Case No. 10-cv-839 MCA/GBW

CURTIS CHILDRESS, *et al.*

    Defendants.

# REPORT AND RECOMMENDATIONS

THIS MATTER is before the Court on Defendants' Motion to Dismiss. *Docs. 152*. Having reviewed the briefing (*docs. 154, 155, 157, 169, 171*) and applicable law, I recommend that the Court GRANT Defendants' Motion as it pertains to Sharon Duttle and hold it in abeyance is it pertains to Plaintiffs Shaun and Nicholas Duttle.[1]

**I.**    **BACKGROUND**

On September 15, 2008, at approximately 9:30 p.m., officers of the Doña Ana County Sheriff's Department Animal Control Department, including Defendants Robin Gojkovich and Curtis Childress, raided Plaintiffs Sharon and Shaun Duttle's property located at 320 Vine Avenue in Mesquite, New Mexico. *Doc. 1* at 2. At the time, the officers were in possession of an unsigned search warrant for the property. *Id.* During

---

[1] Because this Report will focus on the claims of Plaintiff Sharon Duttle, where the term "Plaintiff" without any further name is used, it refers to Plaintiff Sharon Duttle.

the raid, Plaintiff Sharon Duttle asked the officers, some of whom were armed, to leave the property. *Id.* The officers apparently departed, but returned the next morning, September 16, to continue the search, now with a signed warrant. At that time, they seized Plaintiffs' dogs, as well as several other items of personal property. According to Plaintiffs, while the officers were conducting the search, they threatened Plaintiffs until Sharon Duttle signed a release turning over her animals. *Id.* At some point thereafter, Sharon and Nicholas Duttle were charged with animal cruelty and dogfighting. *Id.* at 2-4. Shaun Duttle was never criminally charged.

Plaintiffs filed the instant action on September 10, 2010. *Doc. 1.* The Complaint alleges a variety of causes of action under the Fourteenth and Fourth Amendments, as well as several torts. *Id.* On November 12, 2011, Plaintiffs moved to stay the case pending the outcome of the state criminal prosecution, *State v. Duttle*, CR-2009-1033, proceeding in the Third Judicial District of New Mexico. *Doc. 50.* The motion for stay was denied for failure to comply with Local Rule 7.1(a). *Doc. 52.* On August 16, 2012, Defendant Curtis Childress filed a Motion to Stay Proceedings[2] (*doc. 123*), also citing the ongoing state criminal action. The Court granted this stay, recognizing that because Plaintiff Sharon Duttle challenged the validity of the search warrants at issue in both the state and federal actions, "[a] determination of liability against the Defendants in this case could directly contradict the state court's rulings on the warrants in question, as

---

[2] Defendant Childress also filed a motion for summary judgment (*doc. 122*), and the remaining Defendants filed a separate motion for summary judgment (*doc. 124*).

2

well as subsequent rulings in motion practice and any determinations of criminal guilt or innocence on the part of Ms. Duttle." *Doc. 139* at 5.

On June 14, 2013, Sharon Duttle was convicted in *State v. Duttle*. On October 21, 2013, Defendants filed a joint Motion to Dismiss based on her conviction. The Motion to Dismiss was fully briefed on May 21, 2014. *Doc. 170.*

## II.   THE LEGAL STANDARD FOR RULE 12(B)(6) MOTIONS

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which the court can grant relief. Under this Rule, a motion to dismiss "admits all well-pleaded facts in the complaint as distinguished from conclusory allegations." *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976) (citing *Jones v. Hopper*, 410 F.2d 1323 (10th Cir. 1969)). When ruling on a motion to dismiss, the court must accept as true well-pleaded factual allegations, but must also consider whether "they plausibly give rise to an entitlement to relief." *Barrett v. Orman*, 373 F. App'x 823, 825 (10th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)). The Court's consideration, therefore, is limited to determining whether the plaintiff's complaint states a legally sufficient claim upon which the Court can grant relief. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations, the plaintiff must set forth the grounds of his or her entitlement to relief: a complaint "requires more than labels and conclusions, and a

3

formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal alterations, citations, and quotations omitted); *see also Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010). Dismissal is not appropriate where the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). The court is not required to accept conclusions of law or the asserted application of law to the alleged facts. *See Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994). Nor is the Court required to accept as true legal conclusions that are presented as factual allegations. *See Brooks v. Sauceda*, 85 F. Supp. 2d 1115, 1123 (D. Kan. 2000).

When evaluating the pleadings of a party proceeding *pro se*, a court must liberally construe them and should hold them to a less stringent standard than would be applied to the pleadings of a represented party.[3] *Hall v. Bellmon*, 935 F.3d 1106, 1110 (10th Cir. 1991). But "[t]his liberal treatment is not without limits, and 'this court has repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

## III. ANALYSIS

Plaintiffs raise four federal claims in their Complaint: (1) violation of Sharon Duttle's due process rights both during and as a result of the execution of the impugned search warrants; (2) violation of each Plaintiff's Fourth Amendment rights on the basis that the search warrants lacked probable cause; (3) conspiracy under 42 U.S.C. § 1985(3) to violate Plaintiffs' rights by conducting a search of their property without probable cause; and (4) failure to train and supervise based on the unconstitutional execution of the search warrant. *Doc. 1* at 3-4.

Defendants premise their joint motion on two bases: that to grant Plaintiffs' federal claims would necessarily imply the invalidity of Sharon Duttle's state court conviction, in violation of the *Heck v. Humphrey* preclusion doctrine, and that Plaintiffs'

---

[3] Whether Plaintiffs should receive this liberal construction is in doubt. While Plaintiffs were *pro se* when they filed their complaint, an attorney soon entered his appearance on their behalf. *See docs 1, 8*. At that time, no answers had been filed by Defendants which means that Plaintiffs could have amended their complaint by right. *See* Fed. R. Civ. P. 15(a)(1)(B). More than three years later, upon the withdrawal of their counsel, Plaintiffs again reverted to *pro se* status. *See doc. 167*.

5

claims are barred by collateral estoppel. *Doc. 152* at 4. I find that Plaintiff Sharon Duttle's Fourth, Fourteenth, and failure to train and supervise claims are collaterally estopped by *State v. Duttle*, and her remaining conspiracy claim fails as a matter of law. I further find that because each of Plaintiff Sharon Duttle's federal claims should be dismissed, this Court should decline to exercise supplemental jurisdiction over her remaining state law claims and Plaintiff Sharon Duttle should be dismissed from this matter. Plaintiffs Nicholas and Shaun Duttle's claims should be held in abeyance pending a hearing on their federal causes of action.

### A.    The Collateral Estoppel Doctrine

Section 28 U.S.C. § 1738 generally requires "federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Allen v. McCurry*, 449 U.S. 90, 96 (1980). Where a state court has provided fair procedures for determining constitutional claims, the state court's determination has preclusive effect and bars relitigation of the same issue by the same party in federal court. *Id*. A party's ability to relitigate an issue decided in a prior state court determination depends on the law of the state in which the earlier litigation occurred. *See* 28 U.S.C. § 1738; *Allen*, 449 U.S. at 96; *In re Young*, 91 F.3d 1367, 1374 (10th Cir. 1996) ("in determining the collateral estoppel effect of a state court judgment, federal courts must . . . apply the state's law of collateral estoppel"). Under New Mexico law, a party seeking to use collateral estoppel as a defense must meet at least

two conditions.  *Deflon v. Sawyers*, 137 P.3d 577, 583 (2006).   First, it must establish that the issue to be estopped has been actually litigated and necessarily decided in the prior proceeding.  *Id.* at 583.  Second, the Court must be satisfied that the party to be estopped had a full and fair opportunity to litigate in the prior action.  *Id.*

> **B.     Plaintiff Sharon Duttle's Fourth Amendment, Fourteenth Amendment, and Failure to Train Claims are barred by Collateral Estoppel**

Plaintiff Sharon Duttle argues that the Defendants violated her Fourth Amendment right to be free from illegal seizure and her Fourteenth Amendment due process right not to be deprived of her property when they conducted the search on her property without probable cause.  Defendants argue that because the legality of the search was litigated in the underlying state criminal matter, Plaintiff Sharon Duttle is collaterally estopped from relitigating the constitutionality of the search here.  Because I find that the constitutionality of the search was actually litigated and necessarily decided, and that Plaintiff Sharon Duttle had a full and fair opportunity to address the constitutionality of the search, she is estopped from challenging it in this forum.

> *i.      Actually litigated and necessarily decided*

As an initial matter, the Court may, *sua sponte,* take judicial notice of the state court pleadings in the underlying criminal action, *State v. Duttle*.  *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts,

7

both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.")

In *State v. Duttle*, Plaintiff, through her counsels Albert Costales and Aric Elsenheimer,[4] moved to suppress all evidence gathered from the September 15 search, arguing that the search warrant was not supported by probable cause, that it expired prior to the completion of the search on September 16, and that the officers conducting the search exceeded the scope of the warrant. *Doc. 123*, Ex. A . District Judge Douglas Driggers denied the motion after holding a multiday hearing on the matter, which involved "extensive testimony and argument and reviewing various exhibits." *Id.*, Ex. B.  In the instant action, Plaintiff's Fourth Amendment claim alleges "Defendants conducted their raid against [Plaintiffs] . . . without a warrant based on probable cause." *Doc. 1* at 3.

In order for Defendants to prevail on their collateral estoppel argument, the state proceedings must have actually litigated and necessarily decided whether the warrant contained probable cause. Judge Driggers' order does not detail the reasons for which he denied Plaintiff's motion. Nonetheless, it is quite clear that he ruled that the warrant contained probable cause. As noted above, Ms. Duttle clearly argued that the evidence should be suppressed due to the lack of probable cause. Under New Mexico law, barring certain exceptions, evidence seized as a result of a search based on a warrant

---

[4] Mr. Elsenheimer filed the motion to suppress, and Mr. Costales argued it. *See* doc. 123, Exs. A, B.

8

which lacked probable cause must be suppressed. *See State v. Haidle*, 285 P.3d 668, 672 (N.M. 2012). The only possible exceptions to the exclusionary rule, if the warrant lacked probable cause, would be the inevitable discovery doctrine, the independent source doctrine, or exigent circumstances.[5] *See State v. Wagoner*, 24 P.3d 306, 311-316 (N.M. Ct. App. 2001); *State v. Moore*, 183 P.3d 161-63 (N.M. Ct. App. 2008). In response to Ms. Duttle's suppression motion, the State did not even argue that any of these exceptions excused the lack of probable cause in the warrant. *See* State's Amended Response to Defendant's Motion to Suppress in *State of New Mexico vs. Sharon Duttle* (attached as Exhibit 1); *see also doc. 123*, Ex. A. Instead, on that issue, the State simply argued for the existence of probable cause. Moreover, the Court's own review of the suppression motion indicates that there was no basis for applying those exceptions. Consequently, Judge Driggers, in denying the suppression motion, clearly ruled that the warrant contained probable cause. Therefore, the issue raised by Plaintiff's Fourth Amendment cause of action – whether the warrant was based on probable cause – was actually litigated through Plaintiff's suppression motion. *Cf. Deflon*, 137 P.3d at 583 (explaining that where different causes of actions arise from the same facts, collateral estoppel will not apply where the threshold showing of a cause of action litigated in a prior proceeding is different from the threshold showing of the cause of action currently at issue).

---

[5] New Mexico does not recognize a good faith exception to the exclusionary rule. *State v. Gutierrez,* 863 P.2d 1052, 1066 (N.M. 1993).

>	ii.	*Full and Fair Opportunity*

Defendants must also show that Plaintiff had a full and fair opportunity to litigate the issue of probable cause in the state court proceedings.  The records submitted by Defendants show that the motion to suppress was prepared by counsel and included significant briefing on the issue of probable cause, that Plaintiff was also afforded hearings on the motion on three separate days, at which Plaintiff was again represented by counsel, and that Judge Driggers was presented with "extensive testimony" and numerous exhibits regarding the motion.  *Doc. 123*, Ex. B.  Defendants have therefore demonstrated that Plaintiff was given a full and fair opportunity to litigate the issue of whether the warrant was supported by probable cause.  *See Reeves v. Wimberly*, 755 P.2d 75, 79 (N.M. Ct. App. 1988).

Since Defendants have made this showing, New Mexico law on collateral estoppel then requires me to consider "countervailing equities including, but not limited to, prior incentive for vigorous defense, inconsistencies, procedural opportunities, and inconvenience of forum that might render the application of collateral estoppel unfair." *Silva v. State*, 745 P.2d 380, 384 (N.M. 1987).  Plaintiff has not argued, nor can I find, that the prior state proceedings present circumstances that would render the application of collateral estoppel unfair.  First, I note that Plaintiff had every incentive to mount a vigorous defense, given that she was facing felony charges, that Plaintiff had ample procedural opportunity to challenge the warrant at

issue, and that there is no indication that the state criminal court was an inconvenient forum. In addition, while Plaintiff's responsive briefing cites numerous issues with her attorneys in the criminal action, she does not complain about counsels' actions with regard to the motion to suppress specifically.

Plaintiff's Fourth Amendment claim, as discussed above, is based on the assertion that Defendants' search warrant was not founded on probable cause. Because Plaintiff's claim was actually litigated and necessarily decided in her criminal case, and because Plaintiff was given a full and fair opportunity to litigate the issue, her Fourth Amendment cause of action is barred by collateral estoppel.

> iii.    *Application to Plaintiff's Fourteenth Amendment and Failure to Train Causes of Action*

Plaintiff's Fourteenth Amendment and failure to train and supervise claims also ultimately rest on the sufficiency of the search warrant. In her Fourteenth Amendment cause of action, she argues that her right to procedural due process was violated when Defendants "confiscat[ed] the pets and possessions of Sharon Duttle without affording her the opportunity for a hearing" during the execution of the search warrant. *Doc. 1* at 3. However, the search warrant, which was held to be valid, provides for the seizure of both the animals in question and documentation from the property located at 320 Vine Street. *Doc. 122*, Ex. 4. Because the issue raised by this cause of action is ultimately the same issue litigated in the suppression hearing – the legality of Defendants' search and

seizure of Plaintiff's property – Plaintiff's Fourteenth Amendment claim is likewise collaterally estopped.

Similarly, Plaintiff's failure to train and supervise claim rests on the alleged police misconduct during the September 15 and 16 search. A municipality may only be held liable under § 1983 for a failure to train and supervise where *inter alia* plaintiff establishes that the officers themselves violated the United States Constitution. *See, e.g., Thomson v. Salt Lake County*, 584 F.3d 1304, 1313 (10th Cir. 2009). Because the state court has ruled that the officers' search was not unconstitutional, Plaintiff is collaterally estopped from pleading a claim of failure to train and supervise based on their conduct.

### C.  Plaintiff Sharon Duttle Fails to State a Claim for Conspiracy Under §1985(3)

Plaintiff also alleges that each of the Defendants conspired with the co-Defendants in this action to violate her civil rights under 42 U.S.C. § 1985(3). Because Plaintiff's causes of action for conspiracy are not set forth with sufficient detail to support her claims, I recommend that they be dismissed.

Section 1985 is composed of three different subsections. A plaintiff seeking recovery for a private conspiracy in violation of § 1985(3) must show "(i) a conspiracy, motivated by racially-discriminatory animus; (ii) to deprive the plaintiff of equal protection or equal protections of the laws; (iii) an act in furtherance of the conspiracy; and (iv) an injury or deprivation resulting

therefrom." *Archuleta v. City of Roswell*, slip op., 2012 WL 4950324, at *5 (D.N.M. Sept. 30, 2012).

Section 1985 allegations of conspiracy must be pled with specificity. *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1126 (10th Cir. 1994). Nowhere does Plaintiff allege that any of the Defendants' actions were motivated by racial animus as required for a claim under § 1985(3). The absence of such an allegation is sufficient basis to dismiss Plaintiff's causes of action. *See, e.g., Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984). Because Plaintiff has not pled facts necessary to support a claim for conspiracy under section 1985, this claim should be dismissed as a matter of law.

### D.  The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's Remaining State Law Claims

Plaintiff's Complaint also sets forth numerous state law claims for which the record does not reflect any basis for diversity jurisdiction. Consequently, any jurisdiction over these claims would be an exercise of the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367. Upon dismissal of Plaintiff's federal claims, this Court must decide whether or not it will adjudicate any remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). When all federal claims have been dismissed from a case, supplemental state claims will ordinarily be dismissed without prejudice. *Roe v.*

*Cheyenne Mountain Conference Resort*, 124 F.3d 1221, 1237 (10th Cir. 1997). Because I recommend dismissing all the claims over which this Court has original jurisdiction and because I see no reason to depart from the ordinary rule, I also recommend that the Court decline to exercise jurisdiction over Plaintiff's remaining state law claims and dismiss them without prejudice.

### E. The Remaining Plaintiffs' Claims Are Held in Abeyance

Unlike Plaintiff Sharon Duttle, Plaintiffs Shaun and Nicholas Duttle were ultimately not subject to criminal prosecution.[6] Therefore, the application of collateral estoppel and/or *Heck* preclusion to these two Plaintiffs is significantly more involved. Oral argument or further briefing will be scheduled after the Court's ruling on this Report and Recommendations.

### IV. CONCLUSION

For the forgoing reasons, Plaintiff Sharon Duttle's federal claims under the Fourth and Fourteenth Amendments, and for failure to train and supervise, should be dismissed with prejudice. Her § 1985(3) claim should be dismissed without prejudice. The Court should decline to exercise supplemental jurisdiction over her remaining state law claims.

---

[6] Shaun Duttle was never charged. Nicholas Duttle was charged, but those charges were dismissed prior to the litigation of the suppression motion.

As it pertains to the remaining Plaintiffs, a ruling on Defendants' Motion to Dismiss should be held in abeyance pending the Court's ruling on this Report and Recommendations.

In addition to the electronic service on Defendants' counsel, the Clerk is directed to mail a copy of this order to Plaintiffs Sharon and Shaun Duttle at P.O. Box 747, Mesilla Park, NM 88047 and Plaintiff Nicholas Duttle at P.O. Box 4418 Estes Park, CO 80517.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**