**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

NICHOLAS DUTTLE, SHARON DUTTLE,
and SHAUN DUTTLE,

Plaintiff,

v. No. 10-cv-839 MCA/GBW

CURTIS CHILDRESS, *et al.*,

Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before the Court on referral of the County Defendants' and Defendant Childress's Motions for Taxation of Costs, *docs. 214, 215,* and the attendant briefing, *docs. 217, 220, & 221*. Having considered the parties' briefing, and being otherwise fully advised, the undersigned recommends granting both motions.

**I. STANDARD OF REVIEW**

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). The prevailing party bears the initial burden of establishing the amount of costs to which it is entitled, and these costs must be reasonable. *In re Williams Sec. Litig.*, 558 F.3d 1144, 1148 (10th Cir. 2009). However, "[o]nce a prevailing party establishes its right to recover allowable costs . . ., the burden shifts to the non-prevailing party to overcome the presumption that these costs will be

taxed." *Id.* (internal quotations omitted). Although district courts have discretion over whether to award costs, the Tenth Circuit has stated that "[t]o deny [the prevailing party] costs would be in the nature of a severe penalty imposed upon them, and there must be some apparent reason to penalize the prevailing party if costs are to be denied." *Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995). Thus, the court must articulate a valid reason for denying costs. *Williams*, 558 F.3d at 1447.

## II. ANALYSIS

The County Defendants and Defendant Childress seek costs associated with their respective depositions of Plaintiffs. *Doc. 215* at 2; *doc. 220*, Ex B at 1-2. Defendants' briefing meets the requirements for motions to tax costs set forth in D.N.M.LR-Civ. 54.1 and outlines the amount of the costs associated with the depositions. *Docs. 214, 215, & 220* (attaching requisite affidavits and itemized bills of costs as exhibits). Plaintiffs do not assert that these costs are not reasonably necessary to the litigation, *see generally doc. 217*, and the Court does not find them to be. *See* D.N.M.LR-Civ. 54.2. Given that Defendants have adequately established both the amount and reasonableness of their costs, the burden shifts to Plaintiffs to put forth a valid "reason to penalize [Defendants]" by not awarding them such costs. *Williams*, 558 F.3d at 1148.

Circumstances justifying a refusal to award costs have included "when the prevailing party was only partially successful, when damages were only nominal, when costs were unreasonably high or unnecessary, when recovery was insignificant, or

when the issues were close or difficult." *Id.* at 1150-51. Plaintiffs do not argue that any of the above circumstances are present here. Rather, Plaintiffs' sole argument is that the Court should not award costs because they are each "living at or below [the] poverty level and are destitute." *Id.* at 2. While "a court may consider indigent circumstances in exercising discretion whether to award costs," *Bryant Sagamore Ins. Co.*, -- F. App'x -- 2015 WL 4258673, *2 (10th Cir. 2015) (unpublished), the Tenth Circuit has held that awarding costs against indigent plaintiffs in a case "present[ing] a close and difficult question" was not an abuse of discretion where the plaintiffs "ha[d] not offered any reason why [the prevailing party] should be penalized . . . ." *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190-91 (10th Cir. 2004).

Here, Plaintiffs' assertions are doubly deficient: they neither establish indigency nor offer a reason to penalize Defendants. Although Plaintiffs describe their financial situations in general terms, they have not provided the Court with sufficient information evidencing their indigency and inability to pay.[1] Furthermore, they have not offered any reason why the Court should penalize Defendants by imposing upon them the costs for having to defend against Plaintiffs' lawsuit. Moreover, Plaintiffs' claims, while numerous, did not present close questions regarding their merit. Finally,

---

[1] The Court notes that Plaintiffs' Response asserts, somewhat confusingly, that they "will be filing in Forma Pauperis Status [sic]." *Doc. 217* at 1. Plaintiffs, however, never filed a motion to proceed *in forma pauperis* nor have they provided information similar to that required to obtain *in forma pauperis* status, which would have required them to provide sworn statements regarding their respective financial statuses.

Plaintiffs' conduct in this litigation has led to the issuance of three separate sanction orders against them. *See docs. 62, 95, 120; see also doc. 76* (addressing amount of sanctions pursuant to *doc. 62*). Under these circumstances, Plaintiffs have not met their burden of overcoming the presumption in favor of awarding costs.

## III. CONCLUSION

For the foregoing reasons, the undersigned recommends Defendants' Motions for Taxation of Costs, *docs. 214 & 215*, and awarding the County Defendants $2,906.71 and Defendant Childress $1,456.66.

GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**