IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NICHOLAS DUTTLE, SHARON DUTTLE,
and SHAUN DUTTLE,

    Plaintiff,

v.                                                                                                                              No. 10-cv-839 MCA/GBW

CURTIS CHILDRESS, *et al.*,

    Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on the Magistrate Judge's Report and Recommendations (PFRD) (*doc. 227*), which reviewed the Defendants' respective Motions for Costs (*docs. 214, 215*) and the attendant briefing (*docs. 217, 220, 221*), and recommended that the Motions be granted. Plaintiffs filed untimely objections on August 25, 2015. *Docs. 228, 229.* Because I concur in Magistrate Judge Wormuth's findings, I adopt the recommendations in the PFRD and grant the Motions. *Doc. 214, 215.*

II.    STANDARD OF REVIEW

After a party objects to the magistrate judge's proposed findings and recommendations, the Court "shall make a de novo determination of those portions . . . to which objection is made." 28 U.S.C. § 636(b). Objections must be made with

specificity; general or conclusory objections are insufficient.  *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060-61 (10th Cir. 1996).   "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

**III.  ANALYSIS**

As the prevailing parties, the County Defendants[1] and Defendant Childress sought costs associated with their respective depositions of Plaintiffs.  *Doc. 215* at 2; *doc. 220*, Ex B at 1-2.   In their response, Plaintiffs did not challenge the reasonableness of the costs either as to their amount or their necessity to the litigation.  *See generally doc. 217*.  Plaintiffs instead argued that costs should not be awarded because Plaintiffs are indigent.  *Id.* at 2.  The Magistrate Judge found Plaintiffs failed to overcome the presumption in favor of costs because they (1) failed to support their assertions of indigency with any evidence, (2) had previously been sanctioned by the Court three times for their conduct during the litigation, and (3) offered no reason why Defendants should be penalized by not awarding reasonable costs in defending against Plaintiffs' lawsuit, which did not present close questions.

At the outset, the Court notes that, in their objections, Plaintiffs again do not take issue with the reasonableness of the costs or with Defendants' assertions that they were

---

[1] The County Defendants consist of Dona Ana County, the Dona Ana County Sheriff's Department, Robin Gojkovich, Carlos Madrid, Henry Rodriguez, Joe Herrera, Joe Padilla, John Martinez, Mary Lou Ward, Robbie Acosta, Susie Maldonado, Travis Wells, Valeria Heredia, and Michelle Boudrie.

necessary to the litigation.  *See generally docs. 228, 229.*  Nor do their objections provide any evidence of their alleged inability to pay, despite the Magistrate Judge's noting their failure to do so in the PFRD.  As such, Plaintiffs have waived any objections to these findings.  *2121 E. 30th St.*, 73 F.3d at 1060 (holding "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review").

Furthermore, regarding their previous sanctions, Plaintiffs "assert that the sanctions from the court came with ineffectual counsel with Augustine Rodriguez and lack of legal experience as pro se litigants."  *Doc. 228* at 2.  However, neither effective counsel nor legal experience is necessary to simply show up at a deposition.  As one sanction order explained, "Plaintiffs' failure to appear at their deposition was flagrant. They were told repeatedly by their attorney that they must attend and yet refused. Moreover, the bases for their refusals were utterly meritless."  *Doc. 95* at 12.  This objection is, therefore, unpersuasive.

Finally, and perhaps most importantly, Plaintiffs fail to offer any reason why the Court should penalize Defendants by not awarding them costs.  *Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995) ("To deny [the prevailing party] costs would be in the nature of a severe penalty imposed upon them, and there must be some apparent reason to penalize the prevailing party if costs are to be denied.").  Instead, they continue to argue the merits of the state criminal case initiated against Plaintiffs Sharon

and Nicholas Duttle that resulted in Plaintiff Sharon Duttle's conviction. *See, e.g., doc. 229*. Those arguments are misplaced as Plaintiffs' guilt or innocence of criminal conduct is not, and has never been, an issue for this Court to decide. Moreover, the Court has already ruled on the limited questions before it, which primarily concerned whether Plaintiff Sharon Duttle's claims could be considered by this Court and whether the officers could have relied, in good faith, on the warrant to search the property and seize evidence. *Doc. 212*. I agree with the Magistrate Judge that, as presented, neither of these issues nor any others in this case presented a close question.

For the above reasons, I agree with the Magistrate Judge that Plaintiffs have failed to overcome the presumption in favor of awarding costs. *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190-91 (holding trial court did not abuse its discretion in awarding costs against indigent plaintiffs in a case presenting a close and difficult question where plaintiffs "ha[d] not offered any reason why [the prevailing party] should be penalized . . .").

Additionally, I find that Plaintiffs, who are family members, shall be held jointly and severally liable for payment on the award of costs. *Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 865 F. Supp. 2d. 1159, 1171 (S.D. Fla. Sept. 20, 2011) (stating courts have discretion to apportion costs, and holding losing parties jointly and severally liable where there was "no apparent reason why Plaintiffs and the [Plaintiff-Intervenor] could not coordinate payment among themselves . . .").

**IV.    CONCLUSION**

Wherefore, IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendations (*doc. 227*) is ADOPTED.  Defendants' Motions for Costs (*docs. 214, 215*) are hereby GRANTED.  Plaintiffs are jointly and severally liable to the County Defendants in the amount of $2,906.71.  Plaintiffs are jointly and severally liable to Defendant Childress in the amount of $1,456.66.

_____
CHIEF UNITED STATES DISTRICT JUDGE