IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NICHOLAS DUTTLE,
SHARON DUTTLE,
AND, SHAUN DUTTLE,

      Plaintiffs,

vs.                                                         No. 2:10-cv-00839-MCA-GBW

CURTIS CHILDRESS, ROBIN GOJKOVICH,
CARLOS MADRID, HENRY RODRIGUEZ,
JOE HERRERA, JOE PADILLA,
JOHN MARTINEZ, MARY LOU WARD,
ROBBIE ACOSTA, SUSIE MALDONADO,
TRAVIS WELLS, VALERIE HEREDIA,
MICHELLE BOUDRIE, CITY OF LAS CRUCES,
DONA ANA COUNTY,
DONA ANA COUNTY SHERIFF'S DEPT.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiffs' *Motion for an Extension of Time to File Appeal and Response with Amendment to Courts Report and Recommendations*, filed May 1, 2015. [Doc. 216] Having considered the Parties' submissions, the record, the relevant law, and otherwise being fully advised in the premises, the Court **DENIES** Plaintiffs' motion.

The Court also considers the document titled *Objection to Reports and Recommendations*, filed September 17, 2015. [Docs 231 through 233] As the Court

understands it, this document was filed by and pertains only to Nicholas Duttle. Although captioned as an objection, the Court construes the document to be a Rule 60(b) Motion for Relief From a Judgment. Having reviewed the motion, and the relevant law, the Court **DENIES** the motion.

On March 31, 2015 the Court entered its *Order Overruling Plaintiffs' Objections and Adopting Magistrate Judge's Proposed Findings and Recommended Dispositions*. [Doc. 212] The Court granted summary judgment in favor of Defendants. *Id.* On the same day, as required by Federal Rule of Civil Procedure 58(a), the Court entered a *Final Order* dismissing Plaintiffs' federal claims with prejudice and dismissing their state claims without prejudice. [Doc. 213] Plaintiffs' motion seeking an extension of time to appeal was filed on May 1, 2015. [Doc. 215] Plaintiffs seek a three week extension. [Doc. 216 at 2] Defendants filed a response opposing the relief sought by Plaintiffs. *See Defendants' Response to Plaintiffs' Motion For Extension of Time to File Appeal And Response With Amendment* [Doc. 218]; *Joinder in Response to Plaintiffs' Motion For Extension of Time to File Appeal And Response With Amendment*. [Doc. 219]

Plaintiffs appear *pro se*, thus the Court construes their pleadings liberally. *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001). Nonetheless, *pro se* parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). Plaintiffs must also make their own arguments and the Court will not advocate on their behalf. *Garrett v. Selby*, 425 F.3d 836, 840 (10th Cir. 2005).

Plaintiffs raise two issues in their motion. They seek time to file a response to the

Court's report and recommendations. [Doc. 216 at 1] The Court construes this request to be a motion for an extension of time to file a Rule 59(e) Motion to Alter or Amend a Judgment, or a motion for an extension of time to file a Rule 60(b) Motion for Relief From Judgment. Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60(b). Plaintiffs also seek an extension of time to file an appeal. [Doc. 216 at 1] Federal Rule of Appellate Procedure 4(a)(5) is the rule governing motions for extensions of time to file a notice of appeal. The Court addresses each issue in turn.

### I. Plaintiffs' Motion for Extension of Time to File Response to Court's Order Adopting the Magistrate Judge's Report and Recommendations.

Plaintiffs seek an extension of time in which to file a response to the Court's order adopting the magistrate judge's report and recommendations. There is no rule that allows a party to file a response or objections to an Article III judge's order adopting a magistrate judges proposed findings and recommendations. To the extent the Court construes this as a motion for an extension of time to file a Motion to Alter or Amend pursuant to Rule 59(e), the Court has no power to grant such an extension. Rule 59(e) requires such a motion to be filed within 28 days of the entry of judgment and does not provide an exception. Rule 6(b)(2) prohibits the Court from extending time under that rule. Fed. R. Civ. P. 6(b)(2); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1241 (10th Cir. 2006).

To the extent the Court could consider this motion as one for an extension of time to file a Rule 60(b) Motion for Relief From a Judgment or Order, there is no need to seek an extension. Generally a Rule 60 motion must be filed within a reasonable time and in

some cases within a year of the entry of judgment.  Fed. R. Civ. P. (60)(c)(1).

## II. Plaintiffs fail to show "good cause" or "excusable neglect" to support an extension of time to file an appeal.

Federal Rule of Appellate Procedure 4(a)(1)(A) requires that a Notice of Appeal be filed with the district court clerk "within 30 days after the entry of the judgment or order appealed from."  Fed. R. App. P. 4(a)(1)(A); *Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2006).  Here, the Final Order was entered on March 31, 2015 and Plaintiffs filed their motion seeking an extension of time on May 1, 2015, more than 30 days after the entry of the Final Order.  Rule 4(a)(5) allows the district court to extend the time to file a notice of appeal (i) when a party does so "no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."  Fed. R. App. P. 4(a)(5).

The Court considers four factors when determining whether there is excusable neglect to justify the extension.  *Bishop*, 371 F.3d at 1206; *Magraff v. Lowes HIW, Inc.*, 217 Fed. Appx. 759, 760-61 (10th Cir. 2007).  These are "(i) the danger of prejudice to the non-movant; (ii) the length of delay and its impact on judicial proceedings; (iii) the reason for the delay, including whether it was in the reasonable control of the movant; and (iv) whether the movant acted in good faith."  *Magraff*, 217 Fed. Appx. at 761 (citing *Bishop*, 371 F.3d at 1206).  The Tenth Circuit has explained that the third factor is perhaps the most important.  *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994).  "The time for taking an appeal should not be extended in the

absence of circumstances that are unique and extraordinary." *Bishop*, 371 F.3d at 1206-07.

"[G]ood cause takes account of a narrow class of cases in which a traditional excusable neglect analysis would be inapposite." *Bishop*, 371 F.3d at 1207. "Good cause comes into play in situations in which there is no fault – excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not in control of the movant." *Id.* (quotation marks and citation omitted).

The reasons Plaintiffs state for seeking an extension of time are that one Plaintiff "is rock climbing on a mountain top making doing this kind of legal work twice as difficult." [Doc. 216 at 2] Another Plaintiff is a full time student who also works nearly full time. *Id.* And the third Plaintiff is living in poverty with "no printer, scanner, little access to the internet, and up until recently no vehicle . . . making it extremely difficult and time consuming to perform these kinds of filings in a timely manner." *Id.* They also point to their lack of attorneys to consult with and lack legal staff and offices as reasons they seek an extension of time. *Id.* Additionally, they state that they need an extension "to try to get the funds to file an appeal." *Id.*

Plaintiffs do not make any argument or cite any law in support of their motion for extension of time other than setting out these reasons. It is not the Court's role to advocate for a *pro se* litigant. *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). Considering the factors for determining excusable neglect, a three week delay is not likely to prejudice the non-moving party, nor would such a delay greatly impact the

judicial proceedings.[1]  Thus, the first two *Bishop* factors weigh in Plaintiffs' favor. However, the Court pays particular attention to the third factor in this analysis: "the reason for the delay, including whether it was in the reasonable control of the movant." The reasons stated by the Plaintiffs weigh heavily against them.

The reasons for delay here do not show unique or extraordinary circumstances. That one plaintiff is rock climbing on a mountain top is wholly within control of Plaintiff. And while the Court is sympathetic to an individual going to school and working nearly full time, and to the challenges that poverty poses, parties must make time to pursue their cases. *Pro se* status, which nearly inevitably comes with not having a legal staff, does not excuse the parties from complying with the rules of procedure. *Nielsen* 17 F.3d at 1277. Additionally, the conditions that allegedly caused the delay known to Plaintiffs prior to the expiration of the appeal deadline.

The need "to try to get funds to file an appeal" also does not support excusable neglect or good cause. In *Bishop*, a party filed for an extension of time after the appeal deadline expired because she could not afford the filing fee and was awaiting a ruling on her *informa pauperis* application. *Bishop*, 371 F.3d at 1207. There, the Tenth Circuit affirmed the denial of her motion. *Id.* Here, Plaintiffs have not even filed to proceed *informa pauperis*; they simply state that they need time to try to get the funds for appeal and do not explain what steps they have taken, and why they have not been able to up to this point.

The Court is not persuaded that Plaintiffs' grounds for an extension of time to file

---

[1] The Court acknowledges that more than three weeks has passed since the Plaintiffs filed their motion, but uses the three week timeframe as it was the one requested.

an appeal rise to the level of excusable neglect or good cause. The Court denies the motion for an extension of time to appeal.

### III. Failure to Comply with the Rules of Civil Procedure

Defendants bring to the Court's attention that Plaintiffs did not contact Defendants to determine whether the instant motion was opposed. [Doc. 218 at 2] Defendants move the Court to deny Plaintiffs relief on the grounds that "a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M. LR-Civ 7.1(a). The rule is permissive and does not require dismissal for failure to comply. Because the Court denies Plaintiffs' motion on the merits, it does not need to deny it for failure to comply with the rules. If Plaintiffs file anything in the future that is not in compliance with the rules or is frivolous, the Court will impose sanctions.

### IV. Nicholas Duttle's Objections to the Court's Summary Judgment Order

On August 31, 2015, the Court entered its order adopting the magistrate judge's proposed findings and recommendations on Defendants' motions for costs. [Doc. 230] Following the entry of that order Nicholas Duttle filed a voluminous document spanning several docket entries. [Docs. 231 through 233]  Although it is titled "Objections to Reports and Recommendations," Mr. Duttle states that "Plaintiff's (sic) respectfully object to the ruling for summary judgment in favor of Defendants on issue of timeliness due to US postal service delays and computer difficulties in transmissions."[2] [Doc. 231 at

---

[2] The Court understands the document to be filed by and pertain only to Mr. Nicholas Duttle. Despite Mr. Duttle stating that "Plaintiff's (sic) respectfully object . . ." which could be understood to reference all Plaintiffs, with one exception, the entire document relates to Nicholas Duttle. The one exception is an unsworn document titled Sharon E. Duttle Affidavit. [Doc. 232-6]  In it, Ms. Duttle discusses her criminal trial, the district attorney's action, and points to problems Ms. Duttle believes existed with the proceedings and evidence against her in state court. She also

1] This document does not appear related to either the Court's August 31, 2015 order or the report and recommendations it adopted therein. Because there are no pending reports and recommendations, and because Mr. Duttle references the Court's order on summary judgment and proceeds to present document upon document to the Court in an apparent attempt to litigate the case, the Court considers this a Rule 60(b) Motion for Relief From a Judgment or Order. The filing of such a "motion does not affect the judgment's finality or suspend its operation." Fed. R. Civ. P. 60(c)(2).

There are only six reasons that a court will consider in granting relief under Rule 60(b):

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). "[R]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Allender*, 439 F.3d at 1242. "Rule 60(b) relief is not available to allow a party to merely reargue issues previously addressed to the court." *Id.*

From Mr. Duttle's papers, it is not clear to the Court what his argument is. He lists three objections:

- "Objection to statement of background," [Doc. 231 at 1]
- "Objection to Warrant 1 issued on September 15th was not based on probable

---

complains of her state court sentence and discusses the character of Defendant Childress and a recent whistle blower case involving stemming from the firing of a Dona Ana County employee who investigated Defendant Childress. Ms. Duttle does not discuss this Court's rulings or request relief. It is not apparent to the Court what purpose this document serves.

    cause," [*Id.*] and

- "Objection to ruling on Summary Judgment for qualified immunity, Fourth Amendment right violation lacking probable cause, Violation of right to due process, conspiracy to violate Plaintiff's rights by conducting a search of property probable cause, failure to train and supervise based on the unconstitutional execution of search warrant." [Doc. 231 at 2]

Mr. Duttle neither cites nor discusses case law. He sets out a number of purported facts related to the procedures and occurrences in the state criminal proceedings without explaining why these purported facts should move the Court to reconsider its decision. A number of Mr. Duttle's facts also center around his place of residence, asserting that he had not resided at 320 Vine Avenue (the place of the search at issue) for years, and did not reside there at the time of the search. *See, e.g.,* [Doc. 231 at 2; 231-1 at 8; Doc. 232] Mr. Duttle previously raised this. *See* [Doc. 210 at 4, 5; Doc. 198 at 3] A Rule 60(b) motion is not a vehicle to reargue issues already considered by the Court, *Allender*, 439 F.3d at 1242, but even if it was, the Court cannot discern how this fact would require that it reconsider its order on summary judgment, especially where Mr. Duttle's assertions about his place of residence were specifically noted and relied on in that order. *See* [Doc. 212 at 6-7]

    Mr. Duttle also attaches multiple documents. Most are referenced in his paragraphs describing purported facts. All of the information provided appears to be historical and known to Mr. Duttle well before the Court ruled[3] – indeed the Duttles previously provided much of it to the Court. Thus, it does not appear that Mr. Duttle's Rule 60(b) motion is based on newly discovered evidence.

---

[3] With the exception of the outcome of the lawsuit referenced in Ms. Duttle's "affidavit." *See* [Doc. 232-7 at 1; Doc. 233 at 3] However, this suit was filed in 2011 and thus the allegations were known. *See* [Doc. 233-1 at 3] It is also not apparent how this information relates to the Court's rulings that Mr. Duttle appears to seek relief from.

Sorting through Mr. Duttle's papers, the Court cannot discern a basis on which to grant the extraordinary remedy of Rule 60(b) relief. Accordingly, to the extent Plaintiff intended to move the Court to reconsider its ruling on summary judgment, the motion is **DENIED.**

V.  **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that Plaintiffs' *Motion for an Extension of Time to File Appeal and Response with Amendment to Courts Report and Recommendations* [Doc 216] is **DENIED.** Mr. Duttle's *Objection to Report and Recommendations*, [Doc. 231 – 233], which the Court construes as a Rule 60(b) motion, is also **DENIED.**

**SO ORDERED** this 4th day of February, 2016, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
Chief United States District Judge